### In re MURPHY.

(District Court, N. D. California, First Division. December, 1914.)

BANKRUPTCY ⊙=59—"ACT OF BANKRUPTCY"—FAILURE TO RELEASE LEVY OF ATTACHMENT.

The failure of an alleged bankrupt to release the levy of an attachment upon his supposed interest in property transferred by him nearly seven years previously did not constitute an act of bankruptcy, though the transfer was alleged to be fraudulent, as it could not appear that the attaching creditor would obtain a preference until such sale had been determined to be fraudulent in an action to which the transferee was a party.

[Ed. Note. For other cases, see Bankruptcy, Cent. Dig. §§ 81, 82; Dec. Dig. ⊙=59.

For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy.]

In Bankruptcy. In the matter of Herman Murphy, bankrupt. On demurrer to petition for adjudication. Heard on report of the referee. Report affirmed, petition denied, and proceeding dismissed.

Daniel O'Connell, of San Francisco, Cal., for petitioning creditors.
Mastick & Partridge, of San Francisco, Cal., for bankrupt.

DOOLING, District Judge. The argument on the demurrer to the petition herein was directed solely to the time of the sale averred in the petition, and not to the character thereof, and the only question decided in overruling the demurrer was that the petition was filed in time. No authority has been cited to the effect that the failure of an alleged bankrupt to release the levy of an attachment upon his supposed interest in property transferred by him nearly seven years previously constitutes an act of bankruptcy, even though followed by averments that such transfer was a fraudulent one. Nor can it appear that such attaching creditor will obtain a preference until such

sale has been determined to be fraudulent in an action to which the transferee is a party. Nor will a court listen with much patience to a petitioning creditor, who complains that he himself has received a preference under such proceedings.

For these reasons the report of the referee is affirmed, the petition for adjudication denied, and the proceeding dismissed.